UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK MUHAMMAD,<br><br>   Plaintiff,<br><br>   v.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>   Defendant. | Case No. 25-cv-04952-WHO<br><br>**ORDER GRANTING MOTION FOR A MORE DEFINITE STATEMENT AND DIRECTING PLAINTIFF TO SUBMIT AMENDED COMPLAINT**<br><br>Re: Dkt. No. 4, 7, 8 |

Pro se plaintiff Derrick Muhammad filed the underlying complaint in the Small Claims Court of the Superior Court of California, County of Pittsburg, on May 1, 2025. Dkt. No. 1-1 (Form Complaint for Small Claims Court). The complaint contains few factual allegations. Muhammad alleges that defendant Credence Resource Management, LLC ("CRM") is liable for "[d]efamation of character, credit worthiness, credit standing [and] reputation by reporting inaccurate erroneous and fraudulent information on [Muhammad's] credit file." Dkt. No. 101, at p. 2. He claims that CRM "violat[ed] [his] rights under the Fair Credit Reporting Act and the Fair Debt Collections Act." *Id.* But the only other detail he provides is that he allegedly "suffered higher interest and fees due to lower credit score[.]" *Id.* at p. 3.

On June 11, 2025, CRM removed the case to this court under federal question jurisdiction given Muhammad's reference to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"). *See* Notice of Removal [Dkt. No. 1]; *see also* 28 U.S.C. § 1331.[1] Shortly

---

[1] In a letter submitted to the court on June 25, 2025, Muhammad expressed confusion as to why his case is proceeding in federal court. Dkt. No. 7 (Letter). The federal removal statute allows for removal of a case only if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a) (allowing removal of a "civil action brought in a State court of which the district courts of the United States have original jurisdiction"). Defendant's notice of removal was premised on federal jurisdiction under 28 U.S.C. § 1331. That statute provides federal jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* Here, where Muhammad's complaint invokes the FDCPA, a law of the United States, this court possesses federal question jurisdiction over the action, meaning that CRM could rightfully remove the case from Small Claims Court. That does not appear to be a cost-effective strategy on CRM's part—their litigation expense undoubtedly already well exceeds the amount Muhammad sought if

thereafter, CRM filed a Motion for a More Definite Statement pursuant to Fed. R. Civ. P. 12(e), arguing that Muhammad's "current form Complaint arising from Small Claims Court in state court is so vague and ambiguous that CRM cannot reasonably prepare a response." Motion for a More Definite Statement ("Mot.") [Dkt. No. 4]. On July 10, 2025, Muhammad filed a request for more time to respond to the Motion. Dkt. No. 8.

## LEGAL STANDARD

In federal court, the operative pleading must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A Rule 12(e) motion is considered in light of Rule 8's liberal pleading standards." *Jercich v. Cnty. of Merced*, No. 1:06CV00232 OWWDLB, 2006 WL 3747184, at *7 (E.D. Cal. Dec. 19, 2006). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

## ORDER FOR A MORE DEFINITE STATEMENT

In light of the complaint's present deficiencies (which are clear on its face), and to conserve the parties' resources, instead of allowing Muhammad more time to respond to CRM's Motion I will GRANT the Motion **and allow Muhammad sixty (60) days from the date of this Order to amend his complaint** to conform with the pleading standards set forth by Rule 8.

While Muhammad's form Complaint was likely sufficient for Small Claims Court in state court, now that the case has been removed he must meet the pleading standards set forth by Rule 8(a)(2). More factual information is required. The complaint presently alleges that CRM owes Muhammad "$2000" for "[d]efamation of character, credit worthiness, credit standing [and] reputation by reporting inaccurate erroneous and fraudulent information on [his] credit file," which "[d]amaged [his] credit by violating [his] rights under the Fair Credit Reporting Act and Fair Debt Collections Act." Dkt. No. 1-1, at p. 2. This is not enough to give notice to CRM or the court of Muhammad's claims. What inaccurate and fraudulent information did CRM report on his

---

he prevailed in Small Claims Court—but it is permissible.

credit file. How did that cause damage? He must state facts that make his conclusory statements plausible.

Courts regularly find similarly conclusory allegations to be insufficient to satisfy Rule 8(a)(2). *See e.g., Isgar v. City of Bakersfield*, No. 1:18-CV-0433 AWI JLT, 2018 WL 4944871, at *8 (E.D. Cal. Oct. 11, 2018) (granting Rule 12(e) motion "where the cause of action itself [was] unclear" because "[a] defendant should not have to guess at what claims are actually being asserted against him"); *Callum v. Austin Cap. Bank*, No. 221CV01484JAMCKDPS, 2021 WL 4594510, at *3 (E.D. Cal. Oct. 6, 2021) (finding that, where plaintiff only alleged how much money he believed defendants owed him and identified laws that he believes were broken, "[a]lthough plaintiff may have adequately completed the form required to proceed with his case in state small claims court, he has not alleged sufficient facts to proceed in federal court[.]"). When he amends, Muhammad should take care to set forth as many concrete facts as he can, explaining how he believes CRM has violated the law, how he has been injured, and what causes of action he seeks to assert against CRM in light of those alleged violations and injury.

In advance of preparing the amended complaint, Muhammad may want to utilize this Court's resources for unrepresented parties. Parties representing themselves should visit the link titled "If You Don't Have a Lawyer" on the Court's homepage, www.cand.uscourts.gov. The link discusses the Court's "Legal Help Center" for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the courthouse at 450 Golden Gate Avenue. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the courthouse at 1301 Clay Street. To make an appointment for San Francisco or Oakland, call 415-782-8982.

The Motion is GRANTED. Any amended complaint shall be filed within sixty (60) days of the date below.

**IT IS SO ORDERED.**

Dated: July 14, 2025

William H. Orrick
United States District Judge

3